IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD HAYWOOD, #R-47947, )
)
        Plaintiff, )
)
vs. ) Case No. 11-cv-0388-MJR
)
WARDEN REDNOR, et al., )
)
)
        Defendants. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

        Plaintiff Haywood, an inmate in Menard Correctional Center ("Menard") since June 21, 2005, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a fifty-five year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

        An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

1

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

In Plaintiff's pro se complaint in this case, he alleges that on August 31, 2010, he declared a hunger strike because previous complaints that he was in fear of his life had gone unheeded by Defendant Rednor, the Warden of Menard. On the same day, after throwing his beverages onto the gallery and swearing at Defendant Matt, a corrections officer, he was placed into punitive segregation by unnamed officers. One week later, on September 7, Plaintiff was granted a disciplinary hearing for which he claims he did not receive notice. Plaintiff references Defendant Ashby in the portion of his pleadings pertaining to the hearing but does not describe any particular conduct of this Defendant.

Plaintiff further complains about unclean and unsanitary conditions of his cell, a denial of cleaning supplies and linen as well as inadequate access to the showers. Plaintiff does not provide any further particulars as to the dates of these alleged circumstances nor does he identify any Defendant who was responsible for what he claims are conditions that constitute cruel and unusual punishment.

Finally, Plaintiff names Defendant Anderson in the caption of his pleadings but does not specify any unconstitutional conduct for which this Defendant might be responsible.

### Discussion

#### Violation of First Amendment Rights

Plaintiff appears to claim that his attempted hunger strike is an exercise of his First Amendment rights and that any adverse actions taken subsequent to his stated intent to initiate a strike are in violation of his constitutional rights. He names Warden Rednor and Officer Coleman as the Defendants responsible for what he deems are unconstitutionally punitive responses to his declared strike. The Court is not aware of any specific guarantee under the First Amendment, or any other constitutional provision, that protects inmate hunger strikes. The Seventh Circuit has frowned upon inmate coercive tactics like hunger strikes. *See Freeman v. Berge,* 441 F.3d 543, 546 (7th Cir. 2006) ("[a] prison cannot be forced by such tactics to change an otherwise reasonable rule"). Illinois courts have gone further to specifically hold that the IDOC does not violate an inmate's constitutional rights in seeking a court order to force feed an inmate on a hunger strike. *See People ex rel. Ill. Dep't of Corr. v. Millard,* 782 N.E.2d 966, 969 (Ill. App. Ct. 2003).

Further, the Court need not reach the reasons for Plaintiff's being placed on suicide watch or other segregation after his exchange with Defendant Matt about Plaintiff's right

to initiate a hunger strike. An inmate's continued confinement in administrative detention does not implicate a constitutionally protected liberty interest. *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1995). Although Plaintiff is subjected to more burdensome conditions, those conditions are "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process); *see Sandin v. Conner*, 515 U.S. 472, 477 (1995). It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, nor a dramatic departure from the basic conditions or duration of the prisoner's sentence. *Sandin*, 515 U.S. at 481-85.

For these reasons, Plaintiff's claims of First Amendment violations against Defendants Rednor, Coleman and Matt arising from Plaintiff's declared hunger strike shall be dismissed with prejudice.

**Denial of Due Process by lack of notice**

Plaintiff states that on September 7, 2010, without ever receiving a disciplinary report and having no notice of an offense, he underwent a hearing by the adjustment committee at Menard. Plaintiff references Defendant Ashby, presumably due to Ashby's position as chairman of the adjustment committee conducting Plaintiff's hearing, but does not specify this Defendant's conduct with respect to the alleged lack of notice. Construing Plaintiff's pleadings liberally, the Court will, for purposes of this § 1915 screening, consider Defendant Ashby to be the party whom the Plaintiff believes was responsible for the due process violations that Plaintiff asserts arose from the lack of notice of the offense conduct.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572. *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572. *Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

Because Plaintiff asserts that he did not receive any notice of the charges leveled against him during the September 7, 2010 hearing, the issue of whether Defendant Ashby afforded Plaintiff the minimal procedural protections for a disciplinary hearing shall proceed for further review.

**Unsanitary Cell Conditions**

Plaintiff also complains that, while in segregation, he suffered from various unsanitary cell conditions, as well as limited access to cleaning supplies, an unclean mattress and irregular access to showers. Plaintiff states that these conditions constitute cruel and unusual punishment in violation of his Eighth Amendment rights.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the

minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Plaintiff has submitted pleadings that lack the dates or circumstances of the alleged violations, including the identities of the parties who may have been responsible. Even giving these pro se pleadings the liberal construction that is Plaintiff's due, the Court is unable to elicit the essential facts necessary to evaluate this claim, and it shall therefore be dismissed with prejudice.

**Defendant Terry Anderson**

Though Plaintiff names Defendant Anderson in the caption of his complaint, he fails to list this Defendant elsewhere in his pleadings, so the Court is unable to ascertain what claims, if any, Plaintiff has against Anderson.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim

against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff has not adequately stated any claims against Defendant Anderson and this Defendant shall be dismissed from this action with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that with respect to Plaintiff's complaints against Defendants **REDNOR, COLEMAN, MATT** and **ANDERSON**, Plaintiff fails to state a claim upon which relief may be granted, and these Defendants are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **ASHBY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

IT IS SO ORDERED.

DATED this 22 day of May, 2012

    s/ MICHAEL J. REAGAN
    MICHAEL J. REAGAN
    United States District Judge